Dugro, J.
The plaintiff brought this action to recover $693.70 on a contract, the value of certain work and services, and of the use of certain tools, etc. The defendant denied that the contract was as claimed in the complaint, and set up a counter-claim of $1,355.38. The reply denied the counter-claim. Under the direction of the court the jury rendered a verdict of $646 for the defendant, and from the judgment thereafter entered the plaintiff now appeals.
The only fair inference to be drawn from the evidence bearing upon what transpired at the time of the discontinuance of the work which was being performed is, that the plaintiff was to discontinue work under the contract, and the defendant to complete the work, holding the plaintiff liable in accordance with the notice served upon him.
It is claimed by the plaintiff that on October 33d there was a discontinuance of the work by mutual consent, and so an abrogation of the contract between the parties. The evidence, however, fails to warrant such a conclusion; for, firstly, the evidence will not bear the interpretation that the original contract was intended to be abrogated; and secondly, if the intention existed, there was no such mutuality; of agreement as the law considers binding, for Smith was to receive no consideration. Demarest claims that Smith agreed to pay him more than the whole consideration of the original contract at the time of the agreement to discontinue.
It seems to me clear from the evidence, that Demarest could not or would not proceed with the work unless a payment of $300 or thereabouts was received by him on or about October 33d. This payment he claimed, it appears, under the erroneous impression that he was entitled to it as a matter of right by reason of what he assumes to have been a contract made subsequent to that of October 11th. I have carefully read the evidence, and am unable to find in any part of it any agreement between the parties, except that of October 11th.
The conversations to which the plaintiff testified as had between himself and the defendant never constituted a contract, for in none of them was anything mutually agreed upon, and Smith, in saying, “ I have the halter around your neck; if I alter the agreement you would have it around mine,” clearly shows no intention on his part to abrogate the original agreement.
Demarest undoubtedly made an improvident contract; the loss he may sustain is due to his own lack of foresight; and while his case may call for sympathy, it cannot warrant the curtailment of another’s right.
It seems to me, however, that at the trial there was such a conflict of evidence as to whether Martin Hist received from the defendant $146 or $89.35, that the question should have been submitted to the jury for determination.
The judgment will, therefore, be affirmed, without costs, if the defendant will consent to its reduction so as to be for $500.35. Otherwise the judgment will be reversed and a new trial ordered, with costs to abide the event.
Truax, J., concurs.